IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

ARASH ESMAILZADEGAN, an individual,
DAVID SILVA, an individual, TRACEY
MONAHAN, an individual, NAZAIRE FONTIA,
an individual and JUDITH LaFOUNTAIN, an individual,

    Plaintiffs,                  \*\***CLASS CERTIFICATION REQUESTED**\*\*

vs.

VENTURA GREENS AT EMERALD DUNES
CONDOMININIUM ASSOCIATION, INC., a
Florida non-profit corporation, CORY KRAVIT,
an individual and KRAVIT LAW, P.A., a
Florida corporation,

    Defendants.
_____/

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiffs, Arash Esmailzadegan, an individual ("Arash"), David Silva, an individual ("Silva"), Tracey Monahan, an individual ("Monahan"), Nazaire Fontia, an individual ("Fontia") and Judith LaFountain, an individual ("LaFountain") (collectively "**Plaintiff Unit Owners**") brings their class action complaint for damages and for injunctive relief against the Defendants, Ventura Greens at Emerald Dunes Condominium Association, Inc., a Florida non-profit corporation (hereinafter "**Association**") and its counsel, Kravit Law, P.A. ("**Law Firm Corporation**") and Cory Kravit, an individual ("**Attorney**")[1] for state and federal statutory violations of the Fair Debt Collection Practices Act, or 15 U.S.C. § 1962 ("The Federal Act") and the Florida Consumer Collection Practices Act, or Chapter 559, Florida States ("The State Act") as follows.

---

[1] Where applicable, the Law Firm Corporation and the Attorney shall collectively be referred to herein as **"Law Firm Defendants"**. Also, and where applicable, the Association and the Law Firm Defendants shall collectively be referred to as the "**Defendants**".

*Esmailzadegan vs. Ventura Greens at Emerald
Dunes Condominium Association, Inc., et.al.
Case No.:*

**A.     INTRODUCTION AND BACKGROUND INFORMATION**

1.     Plaintiff Unit Owners bring a class action complaint for damages against the Association and the Law Firm Defendants for the violation of The Federal Act and the State Act.

2.     The Association has used the Law Firm Defendants as its conduit to engage in abusive collection practices by terrorizing the unit owner residents, including the Plaintiff Unit Owners, for years.  The abusive collection practices were accomplished through the use of the United States Mail by the sending of threatening letters demanding payment of monies that were not really owed.  When that didn't work, the Association would authorize the Law Firm Defendants to prepare and/or file and/or record claims of liens for those amounts for those amounts in order to further coerce those residents to acquiesce to the conduct and pay the amount claimed by the Defendants.

3.     Many of the residents acquiesced to the coercive conduct.  Those that acquiesced understood and appreciated that the alternative, or resistance to the abusive collection activities, would result in their own expenditure of attorneys' fees, costs and expenses.  In the event that the residents did not prevail in such litigation, Chapter 718, Florida Statutes, would have entitled the Law Firm Defendants to 'reimbursement' of their attorneys' fees and costs.  Such amounts would have been added to the judgment.  The judgment would either be required to be repaid or the Association—through the Law Firm Defendants activities—would lose their properties.

4.     It is a classic "*heads I win; tails you lose*" scenario.  The unit owners have no leverage in response to the abusive collection practices.  The Law Firm Defendants are receiving attorneys' fees from the Association for their role in the conduct.  The Association is using monies received from the residents of the Association to pursue the abusive collection activities.  Neither the Association nor the Law Firm Defendants have a personal stake in the outcome of the conduct that the Defendants, themselves, create.  Conversely, the unit owners can either (i) pay the amount that they should not be paying in the first place; (ii) hire an attorney to contest the amount—which would cost more money; (iii) litigate a claim of lien; the result of which would be any of the following: (a) the potential loss of their properties; (b) being forced to pay additional money to

2

Case 9:17-cv-81040-RLR   Document 1   Entered on FLSD Docket 09/20/2017   Page 3 of 20

*Esmailzadegan vs. Ventura Greens at Emerald Dunes Condominium Association, Inc., et.al.*
*Case No.:*

their defense attorneys or (c) ultimately prevail in the litigation at the risk of being required to spend exorbitant amounts of money to litigate amounts that were small in proportion to the risk.

5.      The Defendants know this and bank on the unit owners acquiescing to the wrongful collection practices activities.  The downside of attempting to dispute the conduct is so severe that most of the residents have determined the risk of disputing the conduct is far outweighed by any benefit of acquiescing to it.

6.      The Plaintiff Unit Owners made the collective decision that "*enough is enough*". They have collectively retained the services of the undersigned counsel to pursue class action certification for the violation of The Federal Act and the State Act.  The undersigned and each of the plaintiffs can and will fairly and adequately protect and represent the interests of each member of the class comprised of all past and existing unit owners that have received the wrongful and abusive collection letters from the Defendants within the past 2 years (for the violation of The State Act) or within the past 1 year (for the violation of the Federal Act).

**B.     CLASS ALLEGATIONS**

7.      Arash is an individual that owns certain real property located in and governed by the Association in West Palm Beach; Southern District of Florida.  The property is commonly identified as 2804 Eagle Rock Cir. Unit 5 and legally described as VENTURA GREENS AT EMERLD DUNES CONDOMINIUM UNIT 805; BLDG 8 (hereinafter "The Arash Property").

8.      Silva and Monahan are joint title holders to certain residential property located in and governed by the Association in West Palm Beach; Southern District of Florida.  The property is commonly described as 2789 Eagle Rock, Unit 1 and is legally described as VENTURA GREENS AT EMERALD DUNES CONDOMINIUM UNIT 201, BLDG. 2 ("The Silva Property").

9.      LaFountain is the owner of certain residential property located in and governed by the Association in West Palm Beach; Southern District of Florida.  The property is commonly described as 2805 Eagle Rock Cir. Unit 3, West Palm Beach, Florida 33411 and legally described

Case 9:17-cv-81040-RLR   Document 1   Entered on FLSD Docket 09/20/2017   Page 4 of 20

*Esmailzadegan vs. Ventura Greens at Emerald Dunes Condominium Association, Inc., et.al.*
*Case No.:*

as VENTURA GREENS AT EMERALD DUNES CONDOMINIUM UNIT 1003 BLDG 10 ("The LaFountain Property").

10. Fontia is the owner of certain residential property located in and governed by the Association in West Palm Beach; Southern District of Florida. The property is commonly described as 2812 Eagle Rock Cir. Unit 5, West Palm Beach, Florida and legally described as VENTURA GREENS AT EMERALD DUNES CONDOMINIUM UNIT 905, BLDG 9 (hereinafter "The Fontia Property").

11. The Plaintiff Unit Owners seek class action certification on behalf of themselves and the other unit owners of the Association that have standing to pursue such claims as per Rule 1.220 of the Florida Rules of Civil Procedure. It is being filed as a result of the violations of the Federal Act and the State Act. The result of the violations cause the residents to live in fear that they will be required to pay for "fines", "liens" and other monies that they do either no owe, altogether, or may owe, in part, but the contesting of the amount due and owing will result in additional attorney fees and costs for their own counsel and for the Association. The residents are forced to acquiesce and pay for disputed debts or face expensive and uncertain litigation.

12. If the matter is not certified on behalf of the class, it would do one of the following: (i) either create the risk of potential inconsistent or varying adjudications regarding the Defendants' violation of The Federal Act and the State Act in the governance and administration of the common elements of the Association which would establish incompatible standards of conduct for the party opposing the class or (ii) the individual members of the class would require to proceed individually against the Association which would, as a practical matter, be dispositive of the interests of the other members of the class who are not parties to the adjudication to protect their interests.

13. **Numerosity.** Due to the multitude of units within the Association—70 units in total—and the number of residents in all such units, hundreds of residents are being adversely affected by the Defendants' conduct. It would be impractical for the members of the class to file separate joinder lawsuits.

Case 9:17-cv-81040-RLR   Document 1   Entered on FLSD Docket 09/20/2017   Page 5 of 20

*Esmailzadegan vs. Ventura Greens at Emerald*
*Dunes Condominium Association, Inc., et.al.*
*Case No.:*

14. **Commonality.** The issues that are being raised, here, are limited to the issues regarding the violations of the Federal Act and the State Act which has resulted in the past and existing unit owners living in constant fear that, they too, will receive notice of fines from the Association and would be required to make the decision to pay or litigate out of fear that the wrong decision may result in the foreclosure of their home.

15. **Typicality.** As the issues involve the collection practices of the Defendants, such collection practices are typical of the claims of each of the members of the class.

16. **Fair and Adequate Representation.** The Plaintiff Unit Owners can fairly and adequately protect and represent the interest of each member of the class.

C. **VENUE AND JURISDICTIONAL ALLEGATIONS**

17. This is an action for actual and statutory damages brought by the Plaintiff Unit Owners, as consumers, for the Defendants' violations of the Federal Act and the State Act.

18. The Federal Act and the State Act are designed, inter alia, to eliminate abusive, deceptive and unfair collection practices in a consumer debt collection. The State Act supplements the Federal Act through providing Florida residents with even greater protection than the Federal Act affords to the affected consumers.

19. Association is a Florida non-profit corporation that is the owner of certain properties within the Association in West Palm Beach, Southern District of Florida, and provides the governance and administration to the common elements of the units within the Association as per Chapter 718, Florida Statutes.

20. Law Firm Corporation is a law firm that is domiciled and doing business through the unauthorized demand for collection of debts on behalf of the Association in Boca Raton, Southern District of Florida.

21. Law Firm Corporation is owned by the Attorney. Attorney is a licensed, practicing attorney who is authorized to conduct business throughout the State of Florida and is engaged in the unauthorized attempts to collect debt on behalf of the Association through his law firm, or Law Firm Corporation.

Case 9:17-cv-81040-RLR   Document 1   Entered on FLSD Docket 09/20/2017   Page 6 of 20

*Esmailzadegan vs. Ventura Greens at Emerald Dunes Condominium Association, Inc., et.al.*
*Case No.:*

22. Venue properly lies in West Palm Beach Division of the Southern District of Florida as per 28 USC § 1391 because the parties are all located in or doing business in the district and the residential properties are located in the district.

23. Jurisdiction arises under the Federal Act. Supplemental jurisdiction of the violation of the State Act as (i) the state law claims arise out of the same conduct as the federal law claims; (ii) the state law claims do not predominate the federal law claims and (iii) they do not present novel or complex issues of state law.

**D.   GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

**1.   DEFENDANTS' VIOLATIONS OF THE FEDERAL ACT AND STATE ACT AGAINST FONTIA IN CONNECTION WITH THE FIRST NOTICES OF VIOLATION**

24. Association issued an affidavit dated January 18, 2017 that enclosed a number of "violation notices" from the Association from January 9, 2017 through and including January 16, 2017 (hereinafter "The First Fine").

25. Florida Statute Section 718.303 provides, in part, that the Association is required to provide at least 14 days written notice and an opportunity for a hearing for the unit owner by a committee of other unit owners that are neither board members not persons residing in a board members household.

26. The committee meeting was held without providing Fontia with the date and time for the hearing regarding The First Fine.

27. On February 7, 2017, the Association sent a letter to Fontia. The letter is electronically signed by the Board of Directors of the Association but it is marked "*care of*" the Law Firm Defendants. The letter does not at all indicate that the Law Firm Defendants authorized the issuance of the letter to Fontia.

28. The fact the Association uses the Law Firm Defendants' letterhead and address on a demand for payment that is based on a meeting that was in violation of Fontia's procedural due process is a violation of the Federal Act and the State Act.

Case 9:17-cv-81040-RLR   Document 1   Entered on FLSD Docket 09/20/2017   Page 7 of 20

*Esmailzadegan vs. Ventura Greens at Emerald Dunes Condominium Association, Inc., et.al.*
*Case No.:*

29. Specifically, Florida Statute Section 559.72 (10) through (12) prohibits communications that gives the appearance that the communication is coming from the attorney when, here, the communication did not come from the Law Firm Defendants. Moreover, 15 USCA § 1629(f)(1) provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt through. . ..the collection of any amount. . ..unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

30. On March 1, 2017, Fontia notified the Association that he was contesting the fine and requested proof that the Association complied with his procedural due process rights.

31. Rather than furnishing the requested information, the Association informed Fontia that he would be required to pay to obtain the information. This was accomplished through the use of the United States Mail dated March 9, 2017. It is a direct violation of 15 USCA § 1629(5).

32. Had the Association been honest about the disputed debt, it would have looked. If it looked, it would have discovered that Fontia did not receive procedural due process as the Association did not inform Fontia of the time and place for the fine hearing

33. The matter was investigated by the Florida Department of Business and Professional Regulations. On April 10, 2017, one of its investigators telephoned the Law Firm Defendants. The investigator communicated to the Law Firm Defendants of the procedural irregularities regarding the fine. The Law Firm Defendants confirmed to the investigator that the Association would re-convene and provide the proper procedural safeguards that should have been afforded to Fontia under Chapter 718, Florida Statutes. This is documented by a letter from the Florida Department of Business and Professional Regulations to the Defendants dated April 11, 2017.

34. At no time following the admission from the Law Firm Defendants in April, 2017 that the Defendants would be required to "reconvene" did the Association follow such procedure and yet continued to enforce the debt on Fontia. This is in clear violation of 15 USCA § 1629(f)(1).

*Esmailzadegan vs. Ventura Greens at Emerald*
*Dunes Condominium Association, Inc., et.al.*
*Case No.:*

**2.  DEFENDANTS' VIOLATIONS OF THE FEDERAL ACT AND STATE ACT AGAINST FONTIA IN CONNECTION WITH THE FILING OF CLAIMS OF LIENS**

35.  On March 5, 2015, the Defendants recorded a claim of lien against The Fontia Property ("The March 2015 Claim of Lien").  The March 2015 Claim of Lien alleges that the total amount due is $1429.00 based on the following: (i) maintenance assessments at two different rates for two periods of time; (ii) late fees; (iii) interest; and (iv) less payment received.  A copy of The March 2015 Claim of Lien is attached hereto as **EXHIBIT "A".**

36.  On April 15, 2015, the Defendants confirmed that The March 2015 Claim of Lien and additional amounts due and owing through April 7, 2015 had been satisfied by Fontia through the recording of the satisfaction of the claim of lien.  A copy of the Satisfaction of Lien is attached hereto as **EXHIBIT "B".**

37.  After verifying that all assessments due and owing through April 7, 2015 had been paid, in full, the Defendants recorded a second claim of lien on June 8, 2016 (hereinafter "The June 2016 Claim of Lien").  A copy of the June 2016 Claim of Lien is attached hereto as **EXHIBIT "C".**

38.  A review of the June 2016 Claim of Lien evidences that the lien is based, in part, ***<u>on the exact amounts that Fontia already paid</u>***—as evidenced by EXHIBIT A and EXHIBIT B.  This is based on the following illustrations:

   a.  The June 2016 Claim of Lien is based on maintenance assessments at $282.00 per month between 9/1/14 and 12/1/14 for a total amount due for that timeframe in the amount of $1,128.00.  EXHIBIT A shows the same figure for the exact same time period.  EXHIBIT B evidences that such amount for such timeframe was already satisfied.  The same amount—with interest—is being charged, for the second time, as per EXHIBIT C.

   b.  The June 2016 Claim of Lien is further based on maintenance assessments at $280.00 per month between January 1, 2015 through December 1, 2015 for a total due during that timeframe in the amount of $3360.00.  However, EXHIBIT A shows that January 1, 2015 through March 1, 2015 was the subject of The March 2015 Claim of Lien.  EXHIBIT B verifies

8

Case 9:17-cv-81040-RLR   Document 1   Entered on FLSD Docket 09/20/2017   Page 9 of 20

*Esmailzadegan vs. Ventura Greens at Emerald
Dunes Condominium Association, Inc., et.al.
Case No.:*

that the Association—verified by the Law Firm Defendants—waived and released its lien and right to a claim of lien for unpaid assessments through April 7, 2015.

39. The Defendants filed a lawsuit against Fontia to foreclose on Fontia's home based on the patently incorrect June 2016 Claim of Lien. The lawsuit is more particularly styled as follows: *In the County Court In And For Palm Beach County, Florida; Case No.: 50 2016 CC 9339 SB (RS)* ("Fontia Lien Foreclosure Litigation").

40. The Law Firm Defendants provided an affidavit and verified—under oath—that the amounts referenced by The June 2016 Claim of Lien was correct[2]. Fontia was required to expend reasonable attorneys' fees, costs and expenses in litigation to dispute the Association's claims and further filed an affidavit to confirm the grossly inaccurate claim of lien. A copy of the affidavit is attached hereto as **EXHIBIT "D".**

41. The Defendant's conduct of filing and recording a claim of lien and attempting to foreclose on the claim of lien and, thus, take title to The Fontia Property by clearly liening for amounts that the Defendants were estopped from liening for by virtue of their satisfaction of lien (EXHIBIT B) is a direct violation of 15 USCA § 1692(f)(1) and Florida Statute Section 559.72(9).

**3. DEFENDANTS' VIOLATIONS OF THE FEDERAL ACT AND STATE ACT AGAINST LaFOUNTAIN**

42. The Defendants have a history of assessing fines to the residents of the Association in violation of Florida Statute Section 718.303.

43. The Defendants issue a "notice of violation". The notice of violation is signed by the Association and references the Law Firm Defendants to make it appear that the Law Firm Defendants were involved in the preparation of the notice of violation. The notice of violation will then provide some bogus reason for issuing the violation to the unit owner and will further provide, in part, that the unit owner is being fined $100.00 per day commencing on the date of the notice.

44. Florida Statute Section 718.303 provides that, while the Defendants are entitled to issue a fine to the residents, the fine is limited to $1000.00 in the aggregate and can only become

---

[2] See notice of filing affidavit of indebtedness dated May 12, 2017.

9

Case 9:17-cv-81040-RLR   Document 1   Entered on FLSD Docket 09/20/2017   Page 10 of 20

*Esmailzadegan vs. Ventura Greens at Emerald Dunes Condominium Association, Inc., et.al.*
*Case No.:*

a fine if the Association provides the unit owner with 14 days' notice and an opportunity to be heard at a committee meeting comprised of persons that are not board members or residing in board members' households.

45. The Defendants violated Florida Statute Section 718.303 through the imposition of a fine against Jeffery and Janice Lanaghan on June 20, 2016. It was done through sending a notice of violation. It was done without providing the Lanaghans with 14 days' notice and an opportunity to be heard.

46. This conduct was investigated by the Florida Department of Business and Professional Regulation. The investigation concluded that the Association's conduct was, in fact, a violation of Chapter 718, Florida Statutes, and issued a citation to the Association as a result of this conduct. This is documented by a letter dated January 4, 2017; a copy of which is attached hereto as **EXHIBIT "E"**.

47. The Association was on actual notice from the State of Florida, Division of Business and Professional Regulation, that its conduct was in violation of Chapter 718, Florida Statutes, as of January 4, 2017. Nevertheless, it has continued to violate the statute with the assistance of the Law Firm Defendants.

48. On May 9, 2017, the Defendants issued a notice of violation to LaFountain. A copy of the notice of violation is attached hereto as **EXHIBIT "F"**. The notice of violation is signed by the Association; it gives the appearance that the communication is being drafted and authorized by the Law Firm Defendants. It provides another bogus reason for assessing a fine to LaFountain and further provides that the fine has been levied on LaFountain**; such fine commencing on the date of the notice.**. LaFountain questioned the propriety of this conduct; the Association responded by threatening LaFountain with criminal charges. See, e.g., email dated May 10, 2017; a copy of which is attached hereto as **EXHIBIT "G"**.

49. Such conduct is in direct violation of the investigation from the State of Florida, Division of Business and Professional Regulation. It is also in direct violation of Chapter 559.72 (10) through (12). It is also in direct violation of 15 USCA § 1962f (1) and (6). The fact that the

Case 9:17-cv-81040-RLR   Document 1   Entered on FLSD Docket 09/20/2017   Page 11 of 20

*Esmailzadegan vs. Ventura Greens at Emerald*
*Dunes Condominium Association, Inc., et.al.*
*Case No.:*

Association threatened LaFountain with criminal prosecution regarding this is a violation of 15 USC 1692(e)—false or misleading representations in connection with the threats of incarceration.

**4. DEFENDANTS' VIOLATIONS OF THE FEDERAL ACT AND STATE ACT AGAINST ARASH**

50. The Defendants have been sending Arash demand letters in violation of the State Act and the Federal Act; some of which being in violation of the Federal Act and the State Act; for the past 4 years.

51. In 2017, the Association has been sending collection letters and fines to Arash based on the alleged wrongful conduct of his tenants.

52. On February 19, 2017—or after the time that the Defendants received EXHIBIT E—Arash received a notice of violation letter from the Association. Further violations of the Federal and State Act are evidenced by the letters from the Association to Arash dated (i) January 2, 2017; (ii) January 4, 2017; (iii) July 8, 2017.

53. Each of the letters is in violation of Chapter 718, Florida Statutes. The notices are--once again—in direct violation of the report issued by the State of Florida, Division of Business and Professional Regulation. It is also in direct violation of Chapter 559.72 (10) through (12). It is also in direct violation of 15 USCA § 1962f (1) and (6). It is also in direct violation of 15 USCA § 1962f (1) and (6). Copies of the notice of violation letters are collectively attached hereto as **EXHIBIT "H".**

**5. DEFENDANTS' VIOLATIONS OF THE FEDERAL ACT AND STATE ACT AGAINST SILVA AND MONAHAN**

54. Silva received a claim of lien from the Defendants for monies allegedly owed to the Association that were not owed—either in whole or in part. The claim of lien is attached hereto as **EXHIBIT "I"**.

55. The Association filed a lawsuit to foreclose on its lien and, essentially, take title to The Silva Property based on monies that Silva does not owe. As additional leverage, the Association is demanding attorneys' fees, costs and expenses in connection with such action.

Case 9:17-cv-81040-RLR   Document 1   Entered on FLSD Docket 09/20/2017   Page 12 of 20

*Esmailzadegan vs. Ventura Greens at Emerald*
*Dunes Condominium Association, Inc., et.al.*
*Case No.:*

56. Moreover, in June, 2017, the Association issued Silva and Monahan a "notice of violation"; a review of which, once again, references the Law Firm Defendants on the letterhead. The notice of violation provides that the fines would commence on the date of the notice; rather than providing Silva and Monahan with the requisite procedural due process provided by Chapter 718, Florida Statutes.

## COMPLAINCE WITH CONDITIONS PRECEDENT

57. All conditions precedent has been met or has otherwise been waived and/or satisfied.

## COUNT I—VIOLATION OF THE STATE ACT AGAINST THE ASSOCIATION (CLASS CERTIFICATION REQUESTED)

58. Plaintiff Unit Owners, on behalf of the unit owners of the Association, readopt and reincorporate their allegations contained in Paragraphs 1 through 57, including subparts and exhibits, as if specifically incorporated herein.

59. This is a cause of action for class action certification sounding in violation of the State Act against the Association.

60. The Association collects debts as per Chapter 559, Florida Statutes.

61. Chapter 559.72, Florida Statutes, prohibits those that collect debts from doing the following:

(i) Disclosing information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact;

(ii) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist;

(iii) Use a communication that gives the appearance of being authorized, issued or approved by an attorney when it is not;

(iv) Communicate with a debtor under the guise of an attorney by using the stationary of an attorney or forms or instruments that only attorneys are authorized to prepare; and

Case 9:17-cv-81040-RLR   Document 1   Entered on FLSD Docket 09/20/2017   Page 13 of 20

*Esmailzadegan vs. Ventura Greens at Emerald
Dunes Condominium Association, Inc., et.al.
Case No.:*

   (v) Orally communicate with a debtor in a manner that gives the false impression or appearance that such person is or is associated with an attorney.

  62. Association violated The State Act by doing the following within the past 2 years:

   (i) By routinely issuing notices of violation that claim that fines are presently due and owing without first proceeding with the procedural due process requirements provided for under Florida Statute Section 718.303;

   (ii) By continuing to violate Florida Statute 718.303 after receiving written confirmation from the State of Florida, Department of Business and Professional Regulations, that the conduct of demanding fines prior to a hearing is in direct violation of Chapter 718, Florida Statutes;

   (iii) By routinely issuing the notices of violations that gives the appearance that the violation notices with demands for payments for fines are either coming from or being legitimized by the inclusion of the Law Firm Defendants information on the stationary;

   (iv) By filing and recording false and fraudulent claims of lien to exert the additional pressure for the unit owners—including the Plaintiff Unit Owner—to acquiesce to the demands of the Association;

   (v) By failing to provide a proper accounting for the alleged amounts due and owing—upon request from the residents of the Association;

   (vi) By using the fraudulent claims of lien to pursue lien foreclosure litigation in court and, therefore, cause the residents to incur attorneys' fees, costs and expenses to defend themselves and, specifically, their interests in their homes;

   (vi) By engaging in vexatious and costly litigation to force the residents to incur additional attorneys' fees, costs and expenses to their counsel; and

   (vii) By taking any further action that would be a violation of The State Act.

  63. As a direct and proximate result of this conduct, the Plaintiff Unit Owners, in their capacity as class representatives, have been damaged.

Case 9:17-cv-81040-RLR   Document 1   Entered on FLSD Docket 09/20/2017   Page 14 of 20

*Esmailzadegan vs. Ventura Greens at Emerald*
*Dunes Condominium Association, Inc., et.al.*
*Case No.:*

64. As per Chapter 559.77, Florida Statutes, each of the Plaintiff Unit Owners are entitled to statutory damages of $1,000.00.

65. The State of Florida, Department of Business and Professional Regulation, has already informed the Association, in writing, that its conduct of issuing "fines" through the notice of violation letters is a direct violation of Florida Statute Section 718.303.  Yet, this conduct and the overall conduct of sending out wrongful fines and collection letters—under the guise of the Law Firm Defendants—has continued.  The conduct has been frequent.  The conduct has been persistent.  It entitles the plaintiff class members to an award of the lesser of Five Hundred Thousand Dollars ($500,000.00) or 1 percent of the Association's net worth for all remaining class members and any further relief, including enjoining the Association from further violations of The State Act, that the Court deems fair, just and equitable.

## DEMAND FOR ATTORNEYS FEES, COSTS AND EXPENSES

66. Plaintiff Unit Owners further demand prevailing party attorneys' fees, costs and expenses as per Florida Statute Section 559.77(2).

**WHEREFORE,** Plaintiff Unit Owners demand the entry of a judgment against the Association based on the Association's violation of The State Act and further demands any further relief, including reasonable attorneys' fees, costs and expenses, that the Court deems fair, just and equitable.

## COUNT II—VIOLATION OF THE STATE ACT AGAINST THE LAW FIRM DEFENDANTS (CLASS CERTIFICATION REQUESTED)

67. Plaintiff Unit Owners, on behalf of the unit owners of the Association, readopt and reincorporate their allegations contained in Paragraphs 1 through 57, including subparts and exhibits, as if specifically incorporated herein.

68. This is a cause of action for class action certification sounding in violation of the State Act against The Law Firm Defendants.

69. The Law Firm Defendants' collect debts as per Chapter 559, Florida Statutes.

Case 9:17-cv-81040-RLR   Document 1   Entered on FLSD Docket 09/20/2017   Page 15 of 20

*Esmailzadegan vs. Ventura Greens at Emerald Dunes Condominium Association, Inc., et.al.*
*Case No.:*

70. Chapter 559.72, Florida Statutes, prohibits those that collect debts from doing the following:

(i) Disclosing information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact;

(ii) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist;

(iii) Use a communication that gives the appearance of being authorized, issued or approved by an attorney when it is not;

(iv) Communicate with a debtor under the guise of an attorney by using the stationary of an attorney or forms or instruments that only attorneys are authorized to prepare; and

(v) Orally communicate with a debtor in a manner that gives the false impression or appearance that such person is or is associated with an attorney.

71. Association violated The State Act by doing the following within the past 2 years:

(i) By permitting the Association to use its name and likeness in issuing the notices of violation both prior to and after the Association received notification from the State of Florida, Department of Business and Professional Regulation, that this conduct is a violation of Florida Statute Section 718.303;

(ii) By wrongfully recording false and fraudulently overstated claims of lien against properties located in the Association as agent of the Association;

(iii) By wrongfully lien foreclosure lawsuits based on false and fraudulent claims of lien without providing a proper accounting for the amounts—if any—that are owed;

(iv) By claiming, attempting or threatening to enforce debts when the Law Firm Defendants knew or should have known that the debts were not legitimate; and

(v) By taking any further action that would be a violation of The State Act.

72. As a direct and proximate result of this conduct, the Plaintiff Unit Owners, in their capacity as class representatives, have been damaged.

Case 9:17-cv-81040-RLR   Document 1   Entered on FLSD Docket 09/20/2017   Page 16 of 20

*Esmailzadegan vs. Ventura Greens at Emerald Dunes Condominium Association, Inc., et.al.*
*Case No.:*

73. As per Chapter 559.77, Florida Statutes, each of the Plaintiff Unit Owners are entitled to statutory damages of $1,000.00.

74. The State of Florida, Department of Business and Professional Regulation, has already informed the Association, in writing, that its conduct of issuing "fines" through the notice of violation letters is a direct violation of Florida Statute Section 718.303. Yet, this conduct and the overall conduct of sending out wrongful fines and collection letters—under the guise of the Law Firm Defendants—has continued. The conduct has been frequent. The conduct has been persistent. It entitles the plaintiff class members to an award of the lesser of Five Hundred Thousand Dollars ($500,000.00) or 1 percent of the Association's net worth for all remaining class members and any further relief, including enjoining the Association from further violations of The State Act, that the Court deems fair, just and equitable.

### **DEMAND FOR ATTORNEYS FEES, COSTS AND EXPENSES**

75. Plaintiff Unit Owners further demand prevailing party attorneys' fees, costs and expenses as per Florida Statute Section 559.77(2).

**WHEREFORE,** Plaintiff Unit Owners demand the entry of a judgment against the Law Firm Defendants based on the Association's violation of The State Act and further demands any further relief, including reasonable attorneys' fees, costs and expenses, that the Court deems fair, just and equitable.

### **COUNT III—VIOLATION OF THE FEDERAL ACT AGAINST THE ASSOCIATION (CLASS CERTIFICATION REQUESTED)**

76. Plaintiff Unit Owners, on behalf of the unit owners of the Association, readopt and reincorporate their allegations contained in Paragraphs 1 through 57, including subparts and exhibits, as if specifically incorporated herein.

77. This is a cause of action for class action certification sounding in violation of the Federal Act against the Association.

78. The Association is a debt collector as per 15 USCA § 1692.

79. 15 USCA § 1692(f) prohibits those collecting debts from doing the following:

Case 9:17-cv-81040-RLR   Document 1   Entered on FLSD Docket 09/20/2017   Page 17 of 20

*Esmailzadegan vs. Ventura Greens at Emerald*
*Dunes Condominium Association, Inc., et.al.*
*Case No.:*

(i) The collection of any amount (including any interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law; and

(ii) Causing charges to be made to any person for communications by concealment of the true purpose of the communications;

80. Association violated The Federal Act by doing the following within the past year:

(i) By routinely issuing notices of violation that claim that fines are presently due and owing without first proceeding with the procedural due process requirements provided for under Florida Statute Section 718.303;

(ii) By continuing to violate Florida Statute 718.303 after receiving written confirmation from the State of Florida, Department of Business and Professional Regulations, that the conduct of demanding fines prior to a hearing is in direct violation of Chapter 718, Florida Statutes;

(iii) By filing and recording false and fraudulent claims of lien to exert the additional pressure for the unit owners—including the Plaintiff Unit Owner—to acquiesce to the demands of the Association;

(iv) By failing to provide a proper accounting for the alleged amounts due and owing—upon request from the residents of the Association;

(v) By using the fraudulent claims of lien to pursue lien foreclosure litigation in court and, therefore, cause the residents to incur attorneys' fees, costs and expenses to defend themselves and, specifically, their interests in their homes;

(vi) By engaging in vexatious and costly litigation to force the residents to incur additional attorneys' fees, costs and expenses to their counsel; and

(vii) By taking any further action that would be a violation of The Federal Act.

81. As a direct and proximate result of this conduct, the Plaintiff Unit Owners, in their capacity as class representatives, have been damaged.

Case 9:17-cv-81040-RLR   Document 1   Entered on FLSD Docket 09/20/2017   Page 18 of 20

*Esmailzadegan vs. Ventura Greens at Emerald Dunes Condominium Association, Inc., et.al.*
*Case No.:*

82. As per 15 USCA § 1629k, each of the Plaintiff Unit Owners are entitled to statutory damages of $1,000.00.

83. The State of Florida, Department of Business and Professional Regulation, has already informed the Association, in writing, that its conduct of issuing "fines" through the notice of violation letters is a direct violation of Florida Statute Section 718.303. Yet, this conduct and the overall conduct of sending out wrongful fines and collection letters—under the guise of the Law Firm Defendants—has continued. The conduct has been frequent. The conduct has been persistent. The conduct has been intentional. It cannot be ignored. It affects 70 homes; or those units within the Association. It affects countless numbers of persons that reside in the homes; hundreds of people, in total. It entitles the plaintiff class members to an award of the lesser of Five Hundred Thousand Dollars ($500,000.00) or 1 percent of the Association's net worth for all remaining class members and any further relief that the Court deems fair, just and equitable.

## DEMAND FOR ATTORNEYS FEES, COSTS AND EXPENSES

84. Plaintiff Unit Owners further demand prevailing party attorneys' fees, costs and expenses as per 15 USCA 1692k.

**WHEREFORE,** Plaintiff Unit Owners, both individually and as class representatives on behalf of the unit owners within the Association, demand the entry of a judgment against the Association for the Association's violation of the Federal Act and any further relief, including reasonable attorneys' fees, costs and expenses, that the Court deems fair, just and equitable.

## COUNT IV—VIOLATION OF THE FEDERAL ACT AGAINST THE LAW FIRM DEFENDANTS (CLASS CERTIFICATION REQUESTED)

85. Plaintiff Unit Owners, on behalf of the unit owners of the Association, readopt and reincorporate their allegations contained in Paragraphs 1 through 57, including subparts and exhibits, as if specifically incorporated herein.

86. This is a cause of action for class action certification sounding in violation of the Federal Act against the Law Firm Defendants.

87. The Law Firm Defendants are a debt collector as per 15 USCA § 1692.

Case 9:17-cv-81040-RLR   Document 1   Entered on FLSD Docket 09/20/2017   Page 19 of 20

*Esmailzadegan vs. Ventura Greens at Emerald Dunes Condominium Association, Inc., et.al.*
*Case No.:*

88. 15 USCA § 1692(f) prohibits those collecting debts from, in part, the collection of any amount (including any interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law; and

90. Law Firm Defendants violated the Federal Act by doing the following within the past year:

(i) By permitting the Association to use its name and likeness in issuing the notices of violation both prior to and after the Association received notification from the State of Florida, Department of Business and Professional Regulation, that this conduct is a violation of Florida Statute Section 718.303;

(ii) By claiming, attempting or threatening to enforce debts when the Law Firm Defendants knew or should have known that the debts were not legitimate; and

(iii) By taking any further action that would be a violation of The State Act.

91. As a direct and proximate result of this conduct, the Plaintiff Unit Owners, in their capacity as class representatives, have been damaged.

92. As per 15 USCA § 1629k, each of the Plaintiff Unit Owners are entitled to statutory damages of $1,000.00.

93. The State of Florida, Department of Business and Professional Regulation, has already informed the Association, in writing, that its conduct of issuing "fines" through the notice of violation letters is a direct violation of Florida Statute Section 718.303. Yet, this conduct and the overall conduct of sending out wrongful fines and collection letters—under the guise of the Law Firm Defendants—has continued. The conduct has been frequent. The conduct has been persistent. The conduct has been intentional. It cannot be ignored. It affects 70 homes; or those units within the Association. It affects countless numbers of persons that reside in the homes; hundreds of people, in total. It entitles the plaintiff class members to an award of the lesser of Five Hundred Thousand Dollars ($500,000.00) or 1 percent of the Association's net worth for all remaining class members and any further relief that the Court deems fair, just and equitable.

*Esmailzadegan vs. Ventura Greens at Emerald Dunes Condominium Association, Inc., et.al.*
*Case No.:*

## DEMAND FOR ATTORNEYS FEES, COSTS AND EXPENSES

94. Plaintiff Unit Owners further demand prevailing party attorneys' fees, costs and expenses as per 15 USCA 1692k.

**WHEREFORE,** Plaintiff Unit Owners, both individually and as class representatives on behalf of the unit owners within the Association, demand the entry of a judgment against the Law Firm Defendants for the Law Firm Defendants violation of the Federal Act and any further relief, including reasonable attorneys' fees, costs and expenses, that the Court deems fair, just and equitable.

Dated on this the 20th day of September, 2017.

Respectfully submitted,

THE LAW OFFICES OF GEOFFREY D. ITTLEMAN, P.A.
110 SE 6th Street, Suite 2300
Fort Lauderdale, Florida 33301
Tel: (954) 462-8340
Fax: (954) 462-8342
geoffrey@ittlemanlaw.com

By: /s/ *Geoffrey Ittleman*
Geoffrey D. Ittleman, Esq.
Fla. Bar No.: 377790