UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  17-81040-CIV-ROSENBERG/REINHART

ARASH ESMAILZADEGAN, et al.,

       Plaintiffs,

vs.

VENTURA GREENS AT EMERALD DUNES
CONDOMINIUM ASSOCIATION, INC., et al.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS THE SECOND AMENDED COMPLAINT (DE 99, 102), AND DEFENDANTS' MOTION FOR JUDICIAL NOTICE (DE 98)**

       Currently before the Court are Motions to Dismiss the Second Amended Complaint ("SAC") filed by Defendant Ventura Greens at Emerald Dunes Condominium Association ("the Association") (DE 102), and Defendants Kravit Law P.A. and Attorney Cory Kravit (jointly referred to as "Kravit Law").  DE 99.  These matters were referred to the undersigned by the presiding District Judge.  DE 105.  The undersigned has reviewed the SAC (DE 89), the Motions to Dismiss, Plaintiffs' responses to the motions (DE 108, 109), and Kravit Law's reply.  DE 114.  Also before the Court is Kravit Law's Motion for Judicial Notice (DE 98), Plaintiffs' response to the motion (DE 110), and Kravit Law's reply.  DE 115.

       For the reasons that follow, this Court **RECOMMENDS** that Kravit Law's Motion to Dismiss the SAC (DE 99) be **GRANTED** without prejudice for Plaintiffs to replead.  The Court further **RECOMMENDS** that the Association's Motion to Dismiss (DE 102) be **GRANTED**

without prejudice.  If Plaintiffs' renewed pleading alleges facts sufficient to support the federal claim against Kravit Law, and if the federal claim is adequately pled, this Court would **RECOMMEND** that the District Court exercise supplemental jurisdiction over the state law claims alleged against Kravit Law and the Association.[1]  Kravit Law's Motion for Judicial Notice (DE 98) is **GRANTED.**

## ALLEGATIONS IN THE SECOND AMENDED COMPLAINT

Plaintiffs are owners of condominium units located in a community for which the Association is the HOA and Plaintiffs allege a class action against the Kravit Law Defendants for violations of the Fair Debt Collection Practices Act (FDCPA) and the Florida Consumer Collection Practices Act (FCCPA), as well as an FCCPA claim against the Association. According to the SAC, "[t]he Association has used the Law Firm Defendants as its conduit to engage in abusive collection practices . . . for years" by sending Plaintiffs "threatening letters demanding payment of monies that were not really owed."  DE 89 (SAC) at ¶ 2.

Attached to the SAC are 17 Notice of Violation (NOV) letters addressed to the five named Plaintiffs, as well as to other unit owners who are not parties to this lawsuit. *See* SAC, Exhibit D (DE 89-4).  These letters advise the unit owners that they are in violation of a particular Association rule and impose a fine of $100.00 per day until the violation is cured.  The SAC acknowledges that the NOV letters were "issued by the Association," but claims that the letters were "authorized and enforced by the Law Firm Defendants." SAC at ¶¶ 26, 29, 31, 33,

---

[1] This Court previously issued a Report and Recommendation on Defendants' motions to dismiss the Amended Complaint finding that: the FDCPA claim against the Association should be dismissed with prejudice because it did not qualify as a debt collector under the statute, and that the claims against Kravit Law should be dismissed, but affording Plaintiffs the opportunity to replead timely, non-privileged conduct specifically attributable to the Kravit Law Defendants. DE 87.  The Court also recommended that the District Court exercise supplemental jurisdiction over the FCCPA claim brought against the Association if the federal claim against Kravit Law was properly pled.  *Id.*  The District Court adopted the findings (DE 88) and Plaintiffs subsequently filed the SAC, which is the subject of the instant motions.

38.  The SAC contends that "the Law Firm Defendants have . . . either (i) directly participated in the drafting of the violation letters or (ii) reviewed the form violation letters that were being used by the Association . . . and authorized the use of the violation letters." *Id.* at ¶ 25.  Notably absent from the SAC, however, are any facts to support these claims against Kravit Law.  As in their prior pleading, Plaintiffs continue to assert that Kravit Law violated the FDCPA by "permitting the Association to use its name and likeness" when the Association included "c/o Kravit Law, P.A." in the return address of NOV letters it sent to the unit owners.  *Id.* at ¶¶ 47, 78(i).

According to the SAC, Defendants knew the Association's NOV letters were unlawful because on January 4, 2017, the Florida Department of Business and Professional Regulations ("the Department") cited the Association for alleged due process violations in attempting to fine its residents.  *See* SAC, Exhibit B (DE 89-2).  On April 11, 2017, the Department notified Defendants that the problem persisted because another resident reported a similar infringement that occurred after the Department issued its January citation.  *See* SAC, Exhibit E (DE 89-5).

Finally, the SAC alleges that "[t]he Law Firm Defendants . . . attempt[ed] to enforce the Illegal [NOV] Letters" by "send[ing] letters to the residents that demanded the payment of debts . . ."  SAC at ¶¶ 27, 54.  Plaintiffs rely on Exhibit G (DE 89-7) to support this allegation, even though these letters merely advise the unit owner (Plaintiff Esmailzadegan) that his tenants must be evicted for violating the Association's rules and regulations.

## LEGAL CLAIMS

Count I of the SAC alleges that the Association violated the FCCPA by issuing NOV letters to residents claiming that "fines are presently due and owing," without first following statutory procedural due process requirements, and despite being cited by the Department for this

infraction. DE 89 at 14. Count I also alleges that the Association's NOV letters misled residents by including Kravit Law's name in the return address, and caused residents to believe that the $100 per day fine would "continue indefinitely," contrary to Florida's statute. *Id.*

Count II alleges an FCCPA claim against Kravit Law for (1) permitting the Association to use their name and likeness in issuing the NOV letters, and (2) drafting and/or approving the NOV letters sent by the Association. *Id.* at 16.

Count III of the SAC, the primary focus of this decision, accuses the Kravit Law Defendants of violating the unfair practices provision of the FDCPA, which states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692(f). Plaintiffs rely on the statute's subsection prohibiting the collection of any amount "unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692(f)(1). Plaintiffs claim that the language used in the NOV letters is "*per se* illegal on its face" because it levied fines against residents that were "due and owing **on the date of the fine notification letters.**" DE 89 at ¶¶ 33, 34 (emphasis in SAC). Plaintiffs contend that Florida Statute § 718.303(3)(b) requires condominium associations to provide residents with 14 days' notice and an opportunity for a hearing before imposing fines. *Id.* at ¶ 35. The SAC attributes the following conduct to the Kravit Law Defendants as violating the FDCPA:

> (i) permitting the Association to use its name and likeness in issuing the notices of violation both prior to and after the Association received notification from the State of Florida, Department of Business and Professional Regulation, that this conduct is a violation of Florida Statute Section 718.303;

    (ii)    claiming, attempting or threatening to enforce debts when the Law Firm Defendants knew or should have known that the debts were not legitimate; and

    (iii)    taking any further action that would be a violation of The State Act.

*Id.* at ¶ 78.

In their motion the Kravit Law Defendants argue that Count III of the SAC must be dismissed because it contains conclusory allegations that are unsupported by facts and the conduct attributed to them is not prohibited by the FDCPA. DE 99.

Counts IV and V of the SAC seek injunctive relief against the Defendants for alleged violations of the FCCPA. DE 89 at 19-23.

## DISCUSSION

### 1. Motion to Dismiss Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss will be granted if the plaintiff fails to state a claim for which relief can be granted. According to the federal rules, a claimant must only state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pled factual allegations in the complaint, as well as all attachments thereto, and evaluates all plausible inferences derived from those facts in favor of the Plaintiff.. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a plaintiff need not state in detail the facts upon which he bases his claim, Rule 8(a)(2) "still requires a 'showing,' rather than a blanket assertion, of entitlement to relief."

*Id.* at 555 n. 3.  In other words, a plaintiff's pleading obligation requires "more than labels and conclusions." *Id.* at 555; *see also Pafumi v. Davidson*, No. 05–61679–CIV, 2007 WL 1729969, at *2 (S.D. Fla. June 14, 2007) (J. Cohn).

2. **Federal Law Claim**

   a. **The FDCPA Claim Against the Kravit Law Defendants**[2]

At the outset, the Court finds that Count III of the SAC suffers from the same deficiencies as Plaintiffs' previous pleading in that it fails to allege sufficient facts to establish a plausible claim that the Kravit Law Defendants violated the FDCPA.

With regard to the NOV letters, the SAC contains generalized and unsubstantiated allegations that Kravit Law "directly participated in [ ] drafting" the letters and/or "authorized" their issuance.  Notably, the FDCPA does not specifically prohibit such indirect participation.  To be liable under the FDCPA, the defendant, at a minimum, must have "attempt[ed] to collect [a] debt."  15 U.S.C. § 1692(f).  Plaintiffs fail to cite any case law to support their claim that the conduct allegedly attributable to the Kravit Law Defendants constitutes a violation of the FDCPA.  In any event, the SAC does not allege any facts to support Plaintiffs' conclusory claim that Kravit Law was involved in the preparation or issuance of the NOV letters.

To the extent the SAC contends that Kravit Law subsequently "enforced" the NOV letters by "send[ing] letters to residents that demanded the payment of debts" (DE 89 at ¶ 27), there are no such letters attached to the SAC, nor does the pleading offer any specifics regarding when these alleged letters were sent and to whom.

Moreover, the NOV letters themselves fail to show that Kravit Law was involved in "attempt[ing] to collect [a] debt."  Each NOV letter attached to the SAC is signed by the

---

[2] Because the Court's subject matter jurisdiction on the state law claims depends on the existence of a valid federal law claim, the federal claim is discussed first.

Association's Board of Directors.  (Exhibit D).  Indeed, the SAC repeatedly acknowledges that the Association was responsible for issuing the NOV letters.  DE 89 at ¶¶ 26, 29-31, 33.  The Association's inclusion of the phrase "c/o Kravit Law, P.A." at the top of some of its letters is insufficient to attribute any debt collection activities to the Kravit Law Defendants.

Likewise, the two letters attached to the SAC as Exhibit G fail to establish an FDCPA violation by Kravit Law.  Although these letters were authored by the Kravit Law Defendants, the content of these communications makes clear that their purpose was to advise the unit owner (Plaintiff Esmailzadegan) that his tenants must be evicted for violating the Association's rules.  The Kravit Law letters attached to the SAC do not in any way attempt to collect a debt from Mr. Esmailzadegan.  *See, e.g., Passa v. City of Columbus*, 748 F. Supp. 2d 804, 812 (S.D. Ohio 2010) (court rejected plaintiff's FDCPA claim finding that city's "conduct in scheduling and offering mediations did not amount to the collection of debts").[3]

Notwithstanding the Court's determination that the SAC fails to state an FDCPA claim against Kravit Law, the Court is persuaded that Plaintiffs should be given one final opportunity to properly plead this cause of action.  This conclusion stems from Plaintiffs' belated filing of additional letters authored by the Kravit Law Defendants that appear to be attempts to collect on debts allegedly owed by certain residents to the Association.  *See* Plaintiffs' "Notice of Filing Discovery Documents in Support of their Opposition to the Law Firm Defendants' Motion to Dismiss" (DE 111).  Among the items attached to Plaintiffs' Notice are five letters on Kravit Law letterhead signed by Defendant Corey Kravit.  The letters advise unit owners that Kravit Law represents the Association and that certain "amounts are due and owing on your account."

---

[3] The Court rejects Kravit Law's reliance on Florida's litigation privilege to assert that their two letters to Mr. Esmailzadegan cannot form the basis for an FDCPA claim.  *See Pescatrice v. Orovitz*, 539 F. Supp. 2d 1375, 1380 (S.D. Fla. 2008) (J. Cohn)) (Florida's "absolute litigation privilege" for statements made during litigation "would only apply to state court claims, and not the FDCPA").

DE 111-1 at 1-6, 9-10.  Four of the five letters are dated more than one year before the filing of the original Complaint in this action, and thus, fall outside of the FDCPA's one year statute of limitations.  *See* 15 U.S.C. § 1692k(d) (FDCPA lawsuit must be filed "within one year from the date on which the violation occurs").  One letter is dated within the statute of limitations, but it is addressed to a unit owner who is not a named Plaintiff in this action.  DE 111-1 at 9-10.[4]

Plaintiffs argue that the Court should consider their supplemental evidence in rejecting the Law Firm Defendants' motion to dismiss because it provides "direct evidence of the Law Firm Defendants' undisputed participation in the enforcement of the Illegal [NOV] Letters."  DE 111 at 2.  "For purposes of Rule 12(b)(6) review . . . a court generally may not look beyond the pleadings. The pleadings include any information attached to a complaint."  *U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 811 (11th Cir. 2015) (citing Fed. R. Civ. P. 10(c).  Nevertheless, the Court can consider judicially noticed materials.  *See Gubanova v. Miami Beach Owner, LLC,* No. 12-22319-CIV, 2013 WL 6229142, at *2 (S.D. Fla. Dec. 2, 2013) (J. Rosenbaum) (court's review of judicially noticed state court records did not convert Rule 12(b)(6) motion into one for summary judgment) (citing *St. George v. Pinellas Cnty*., 285 F.3d 1334, 1337 (11th Cir. 2002)).

The Court declines to consider the documents belatedly filed by Plaintiffs in ruling on Kravit Law's motion.  However, given that Plaintiffs have produced evidence dated within the FDCPA's statute of limitations that may support their federal claim, the Court will recommend that Plaintiffs be given one final opportunity to replead their FDCPA claim against the Kravit

---

[4] The timely letter states that it is not an attempt to "collect, recover or offset the debt as a personal liability," but rather, it constitutes the Association's exercise of its "In Rem rights."  The letter advises that a claim of lien has been filed against the unit owner's property and that the Association intends to foreclose on the lien.  The letter concludes with an FDCPA notice advising that Kravit Law is a debt collector and that the letter is "an attempt to collect a debt."  DE 111-1 at 9-10.  While letters such as this might provide a basis for an FDCPA claim against Kravit Law, at this time, there is no evidence that any of the named Plaintiffs in this lawsuit received a collection letter from Kravit Law within the FDCPA's one-year statute of limitations.

Law Defendants.[5]  Because Plaintiffs have failed to allege a proper federal claim, there is no basis for supplemental jurisdiction, so the Court recommends dismissal of Counts I and IV without prejudice.

### b. State Law Claims

Even if Count III were sufficient, the Court would still recommend dismissal of Counts II and V.  The FCCPA claims against Kravit Law, as currently pled, fail for several reasons.  First, although the letters attached to the SAC are timely under the FCCPA's two-year statute of limitations, neither the allegations nor the letters themselves establish facts showing that Kravit Law engaged in conduct that actually violates the FCCPA.[6]

Moreover, the Kravit Law Defendants argue that Florida's litigation privilege applies to their two letters addressed to Mr. Esmailzadegan, attached to the SAC as Exhibit G.  Florida's litigation privilege provides absolute immunity "to any act occurring during the course of a judicial proceeding . . . so long as the act has some relation to the proceeding." *Dyer v. Choice Legal Grp. P.A.*, No. 15-CV-69-OC-30PRL, 2015 WL 3650925, at *2 (M.D. Fla. June 11, 2015) (quoting *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So.2d 606, 608 (Fla. 1994) ("judicial proceedings must be free from the fear of later civil liability as to anything said or written during litigation so as not to chill the actions of the participants in the immediate claim").

---

[5]  The Court expresses no opinion as to whether the letters would be timely under the FCCPA's two-year statute of limitations or whether Florida's litigation privilege would apply to them.

[6] The FCCPA prohibits any person, in collecting upon a consumer debt, from using or threatening force or violence, disclosing information that affects the debtor's reputation, willfully communicating with the debtor or his family with such frequency as can reasonably be expected to harass the debtor or his family, willfully engaging in any other conduct that can reasonably be expected to abuse or harass the debtor or his family, or claim, attempt, or threaten to enforce a debt that the person knows is not legitimate. Fla. Stat. § 559.72.

Here, even though Kravit Law's letters to Mr. Esmailzadegan predate the Association's filing of litigation against him, Kravit Law argues that they fall within the privilege's protection because the letters were required by Florida Statute[7] and were attached as exhibits to the complaint subsequently filed in Palm Beach County Court. *See* DE 98; DE 99 at 8.[8]  It is well settled that "Florida courts have applied the privilege not only to conduct undertaken while litigation is ongoing but also to conduct that is 'necessarily preliminary' to judicial proceedings." *AGM Inv'rs, LLC v. Bus. Law Grp., P.A.*, 219 So. 3d 920, 924 (Fla. Dist. Ct. App. 2017) (citing *Fridovich v. Fridovich*, 598 So.2d 65, 66 (Fla. 1992).  "[T]he necessarily preliminary standard ensures that the conduct shielded from liability is really of a kind that can be regarded as having been undertaken in the course of a judicial proceeding and not conduct undertaken separately from it." *AMG Inv'rs, LLC,* at 924.

As recognized in this Court's previous Report and Recommendation, Florida's litigation privilege "may be raised in a motion to dismiss if its applicability is demonstrated on the face of the complaint or exhibits." *James v. Leigh*, 145 So. 3d 1006, 1008 (Fla. Dist. Ct. App. 2014) (citing *Fariello v. Gavin*, 873 So.2d 1243, 1245 (Fla. Dist. Ct. App. 2004)).  This is because "resolution of questions of litigation privilege at an early stage of the litigation furthers the policies underlying the privilege." *AMG Inv'rs, LLC,* at 926-27.

---

[7]  The relevant statute requires condominium associations to file a petition seeking nonbinding arbitration before commencing court litigation against residents.  The petition must include proof that the respondent received advance written notice of the specific nature of the dispute, a demand for relief and an opportunity to comply, and notice of intent to file an arbitration petition or other legal action in the absence of a resolution.  Fla. Stat. § 718.1255(4)(b).  The letters issued by Kravit Law comply with these requirements.

[8]  The Court recommends that Kravit Law's motion for judicial notice of the state court proceedings be **GRANTED** for the reasons provided in the Court's previous Report and Recommendation.  DE 87 at 15-16.

In sum, the allegations in the SAC and the NOV letters themselves are insufficient to attribute liability under the FCCPA to the Kravit Law Defendants. Similarly, the Kravit Law letters to Mr. Esmailzadegen do not constitute a violation of the FCCPA. Finally, even if their letters could support an FCCPA claim, the Kravit Law Defendants are protected because their conduct was "necessarily preliminary" to the subsequent state court litigation. For these reasons the Court recommends that Count II of the Second Amended Complaint be dismissed without prejudice for Plaintiffs to re-plead, but that the District Court decline to exercise discretion over the FCCPA claim unless Plaintiffs allege an adequate federal claim in their next and final amended pleading.

## REPORT AND RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that the District Court **GRANT** without prejudice the Association's Motion to Dismiss (DE 102), and **GRANT** the Kravit Law Defendants' Motion to Dismiss (DE 99), but give Plaintiffs one last chance to amend their pleading to allege a facially sufficient FDCPA claim. It is **FURTHER RECOMMENDED** that the District Court **GRANT** Kravit Law's Motion for Judicial Notice. DE 98.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal

conclusions." 11th Cir. R. 3-1 (2016).

**DONE AND SUBMITTED** in Chambers this 3rd day of August, 2018, at West Palm Beach in the Southern District of Florida.

_____
BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE