UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:17-CV-81040-ROSENBERG/REINHART

ARASH ESMAILZADEGAN, an individual,
DAVID SILVA, an individual, TRACEY
MONAHAN, an individual, NAZAIRE FONTIA,
an individual and JUDITH LAFOUNTAIN, an
individual,

    Plaintiffs,

v.

VENTURA GREENS AT EMERALD DUNES
CONDOMINIUM ASSOCIATION, INC., a
Florida non-profit corporation, CORY KRAVIT,
an individual and KRAVIT LAW, P.A., a Florida
corporation,

    Defendants.

_____/

## ORDER ADOPTING IN PART MAGISTRATE'S REPORT AND RECOMMENDATION, ORDER DISMISSING PLAINTIFFS' SECOND AMENDED COMPLAINT, AND ORDER CLOSING CASE

This matter is before the Court upon Defendants' Motions to Dismiss at docket entries 99 and 102, and Defendants' Motion for Judicial Notice at docket entry 98. All of the Motions have been fully briefed, and all of the Motions were referred to the Honorable Bruce E. Reinhart for a Report and Recommendation. DE 104, 105. On August 3, 2018, Judge Reinhart issued a Report and Recommendation recommending that the Plaintiffs' Second Amended Complaint be dismissed without prejudice with leave to amend. DE 116. Plaintiffs filed limited objections which focused on some of the discussion in the Report—Plaintiffs did not object to the conclusion in the Report. DE 117. The Court has conducted a *de novo* review of Magistrate

Judge Reinhart's Report and Recommendation and the record and is otherwise fully advised in the premises.

Upon review, the Court finds Judge Reinhart's recommendations to be well reasoned and correct.  The Court agrees with the analysis in Judge Reinhart's Report and Recommendation and fully adopts the Report for the reasons set forth therein—with one exception.  The Court dismisses Plaintiffs' FDCPA claim, Count III, without leave to amend for the reasons set forth below.

This case has been pending for eleven months.  Plaintiffs filed their initial Complaint on September 20, 2017.  On November 3, 2017, this Court established pretrial deadlines.  DE 27.  The Court set a deadline of December 15, 2017, for Plaintiffs to amend their Complaint.[1]  Defendants filed a Motion to Dismiss and, in that Motion, Defendants argued that Plaintiffs had failed to plead an FDCPA claim because, *inter alia*, the Complaint did not contain sufficient facts to show that the Defendant law firm was a debt collector when, in fact, the relevant debt-collection letters had not been sent by the law firm.  DE 26.  In response to that Motion to Dismiss, Plaintiffs filed an Amended Complaint on December 8, 2017.

Defendants filed another Motion to Dismiss, again arguing that Plaintiffs had failed to allege sufficient facts to show how the Defendant law firm was a debt collector.  DE 42.  That Motion to Dismiss was referred to Judge Reinhart.  DE 71.  In his Report (which the Court adopted), Judge Reinhart agreed with Defendants that Plaintiffs had not sufficiently alleged how the Defendant law firm could be a debt collector subject to the Fair Debt Collection Practices Act.  DE 87 ("[T]his Court finds that the Amended Complaint fails to adequately allege that Kravit Law was responsible for sending the NOV letters or authorized them in any way.").  The

---

[1] The Court later amended the deadline to December 8, 2017.  DE 33.

2

Court allowed Plaintiffs another opportunity to amend.  DE 88.

On May 17, 2018, Plaintiff filed a Second Amended Complaint.  DE 89.  Defendants again argued that Plaintiff had not properly pled a claim against the Defendant law firm under the FDCPA and the Court again referred the Motion to Judge Reinhart.  As before, Judge Reinhart agrees with Defendants that Plaintiffs' Second Amended Complaint should be dismissed.  DE 116.  Although the Court agrees with Judge Reinhart that the Second Amended Complaint must be dismissed, the Court disagrees insofar as the Court will not afford Plaintiffs another chance to amend.

Plaintiffs have had the opportunity to file three complaints in this case.  This case has been pending for eleven months.  The amended pleadings deadline expired in this case eight months ago.  Plaintiffs have been on notice of the same deficiencies in their pleadings in two previous motions to dismiss.  Furthermore, the Court put Plaintiffs on notice of the deficiencies in their pleadings in an earlier order.  Trial is two months hence, and Plaintiffs still have not stated a federal claim, despite being on notice of what needed to be corrected in their pleadings.[2]  A district court may refuse leave to amend when there have been repeated failures to cure deficiencies by amendments previously allowed, *Foman v. Davis*, 371 U.S. 178, 182 (1962), and the Court concludes that no further amendments should be permitted in this case for this precise reason.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Reinhart's Report and Recommendation [DE 116] is hereby **ADOPTED IN PART**;
2. Defendants' Motion to for Judicial Notice [DE 98] is **GRANTED**;

---

[2] Plaintiffs have attempted to resist dismissal by pointing to evidence outside of their Second Amended Complaint.  Even if the Court were to look at that evidence (for the sake of argument), that evidence is unpersuasive as it concerns non-parties and events outside of the applicable statute of limitations.

3. Defendants' Motions to Dismiss [DE 99] [DE 102] are **GRANTED** insofar as Plaintiffs' FDCPA claim, Count III, is **DISMISSED WITHOUT LEAVE TO AMEND**;

4. Defendants' Motions to Dismiss are **DENIED WITHOUT PREJUDICE** in all other respects;

5. The Court **DOES NOT** retain supplemental jurisdiction over Plaintiffs' remaining state law claims, *see* 28 U.S.C. § 1367(c)(3); *Millette v. DEK Techs., Inc.*, No. 08-60639, 2008 WL 5054741 (S.D. Fla. Nov. 25, 2008), and, accordingly, all of Plaintiffs' remaining (state law) claims are **DISMISSED WITHOUT PREJUDICE** due to the Court's lack of subject matter jurisdiction over those claims; and

6. The Clerk of the Court shall **CLOSE THIS CASE**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 17th day of August, 2018.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record